IN THE MATTER OF THE APPLICATION OF HERBERT SPAULDING AVERY FOR ADMISSION TO THE BAR OF THE STATE OF HAWAII AND OTHER RELIEF APPLICATION.

No. 4164.

FEBRUARY 15, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

*Per Curiam.* This is an application filed by Herbert Spaulding Avery praying for (1) admission to the State

bar without examination; (2) for an opportunity to take a special examination without being required to wait until the regular October 1960 examination; and (3) for a temporary license or permit "to practice law within the State of Hawaii in any way that may be deemed to be the practice of law until he has taken an examination on condition that he takes the first examination that is offered to him after the date of this application and successfully passes that examination."

The first prayer is identical with the prayer which this court denied by per curiam decision, December 4, 1959. It appears from the application that applicant has been engaged in the practice of law, under license issued by the State of Massachusetts, for a long period of time. Under claim that he has now established his residence in the State of Hawaii, he urges this court to grant his application, relying upon the constitutional provisions on full faith and credit, privileges and immunities, and due process of law. The contentions presented in applicant's second memorandum are essentially similar to those set forth in his previous memorandum in support of the first application. This court, having discussed the constitutional aspects in its first per curiam opinion, considers it unnecessary to be repetitive. Therefore, we see no reason for reconsidering that decision. The two remaining prayers are presented here for the first time.

Relative to the second prayer, the court fully appreciates applicant's desire to become a member of the bar of the State Hawaii at an early date but in the interest of orderly and stable procedure, considers it injudicious to make an exception to or waive the requirements prescribed in its promulgated Rules. Rule 15(f) provides for a bar examination in the month of October of each year. It does not appear proper to hold a special examination to suit the convenience of and as a special privilege in favor of

one individual, however meritorious his background of professional experience may be. Further, it would be an unwarranted imposition upon the members of the board of bar examiners, as recognized by applicant himself in the course of his oral presentation to the court in this case, to require the board to give additional time and effort to conduct a special examination for his benefit.

It appears that applicant's repeated application is largely predicated upon his belief that special consideration should be given in his case because of his professional career in Massachusetts. Regardless of the length of his prior practice elsewhere, we cannot extend to him what is tantamount to a special privilege as an honorarium. The record of this court shows that many lawyers, who had been licensed and had practiced law in other jurisdictions for a number of years, took the Hawaii bar examination in pursuance of the normal procedure prescribed in the Rules of this court.

*A fortiori,* applicant's third request, to wit, to be temporarily licensed or permitted to practice law in this jurisdiction while awaiting the next bar examination, is patently objectionable. There is no sanction for such procedure under the Rules and this court cannot with propriety make an exception. To accord applicant such consideration in this instance would militate against systematic judicial practice and be discordant with sound public policy.

The application is therefore denied.

*Herbert S. Avery, pro se.*